IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 08-00210-01-CR-W-NKL |
| CALEB SCOTT, ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION
# TO ACCEPT DEFENDANT'S GUILTY PLEA

On April 20, 2009, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

## I. BACKGROUND

On August 5, 2008, an indictment was returned charging defendant with one count of possessing a firearm from which the manufacturer's and importer's serial number had been removed, altered, and obliterated, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on April 20, 2009. Defendant was present, represented by Jake Jacoby. The government was represented by Assistant United States Attorney David Barnes. The proceedings were recorded and a transcript of the hearing was filed on April 21, 2009.

## II. AUTHORITY OF THE COURT

Although the issue has not been widely litigated, the several courts faced with the question of whether a United States Magistrate Judge has authority to conduct a change-of-plea hearing have held that there is such authority. Determining whether a judicial duty is properly delegable to a Magistrate Judge requires a two-part analysis: First, it must be determined whether Congress intended for Magistrate Judges to perform the duty in question, and second, it must be determined whether the delegation of the duty to a Magistrate Judge "offends the principles of Article III of the Constitution." United States v. Dees, 125 F.3d 261, 264 (5th Cir. 1997), cert. denied, 522 U.S. 1152 (1998).

Although the Magistrates Act, 28 U.S.C. § 636, does not specifically mention change-of-plea hearings, it provides that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Courts have used this language to conclude that plea allocutions do not differ markedly from other duties performed by Magistrate Judges and therefore are assignable to them under the Act. See United States v. Dees, 125 F.3d at 265; United States v. Ciapponi, 77 F.3d 1247, 1251 (10th Cir.), cert. denied, 517 U.S. 1215 (1996); United States v. Williams, 23 F.3d 629, 633 (2nd Cir.), cert. denied, 513 U.S. 1045 (1994); United States v. Rojas, 898 F.2d 40, 42 (5th Cir. 1990).

The courts making the above determination also found that referring cases to Magistrate Judges for change-of-plea hearings was not in conflict with

2

Article III of the Constitution. "Because the district court retained full authority to review and reject the magistrate judge's recommendation, the delegation did not exceed the scope of magisterial authority contemplated by the Act. . . . A district court has the power to review de novo a magistrate's taking of a guilty plea, and it can reject the plea if it finds a problem in the allocution." United States v. Dees, 125 F.3d at 265. In addition, the district court has "unfettered authority to review a magistrate judge's recommendation regarding the voluntariness of a plea." Id.

Based on the above, I find that the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

## III. FINDINGS OF FACT

1. On August 5, 2008, an indictment was returned charging defendant with one count of possessing a firearm from which the manufacturer's and importer's serial number had been removed, altered, and obliterated, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Tr. at 3). Defendant understood the charge in the indictment (Tr. at 3).

2. The statutory penalty for the charged violation is not more than ten years in prison, a fine of up to $250,000, a supervised release term of not more than three years, and a mandatory $100 special assessment (Tr. at 4).

3. Defendant was advised of the following:

a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 4);

b. That he has the right to assistance of counsel throughout the trial (Tr. at 4);

c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 5);

d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 5);

e. That defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that defendant may not testify at trial (Tr. at 5-6);

f. That defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 6); and

g. That defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 7).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 7).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 7-8). Defendant was further informed that he must answer

4

questions truthfully while under oath (Tr. at 8). Defendant stated that he understood (Tr. at 8).

      6.     Defense counsel stated that he reviewed the government's file (Tr. at 8). Government counsel stated that its evidence would show that on November 17, 2007, in Lee's Summit, Missouri, at approximately 3:46 in the morning, police officers stopped a vehicle that eluded another officer. This vehicle was occupied two times. The driver was defendant and the passenger was Aaron McCrorey. A computer check revealed that both individuals had municipal warrants for their arrest. They were both taken into custody. The vehicle was searched incident to arrest and pursuant to Lee's Summit Police Department policy for the handling of vehicles after the occupants have been arrested and some narcotics contraband was located, additionally, a loaded Makarov 9x18 millimeter semiautomatic pistol with an obliterated serial number was also recovered. These parties were transported to Lee's Summit Police Headquarters. Defendant was given his Miranda rights. After being advised of those rights, he waived those rights and made a statement that he possessed the firearm for protection and that he had purchased it on the street knowing that it had the obliterated serial number. Defendant at that point also indicated a willingness to be forthright with the police in this matter and any other matter as well. The government would have the testimony of the officers who pulled the car over, the testimony of the detective who took the statement and essentially the admission. They would have expert testimony from the ATF

with regard to the interstate nexus of the firearm, that is, that this firearm crossed a state line before possession of the defendant. In this particular case, this pistol was manufactured in the country of Bulgaria (Tr. at 8-9).

7. Defense counsel agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 8, 10).

8. Defendant was placed under oath (Tr. at 8) and admitted the following: Sometime around November 16, 2007, he was in the general area of the Western District of Missouri, he had under his control a Makarov semiautomatic pistol, the pistol's manufacturer's and importer's serial numbers had been obliterated or removed, and at some point before he possessed it the firearm traveled in interstate or foreign commerce (Tr. at 10-11). In his own words, defendant stated as follows:

> MR. SCOTT: I was driving down the street. It was late and a police officer was behind me. I took a right on the next street, pulled into a driveway. The police officer passed behind me. I pulled back out of the driveway. Three police officers pulled me over as soon as I got back on to Todd George Road. I believe I had a warrant. They then searched the vehicle and found everything that you know they found.
>
> THE COURT: Okay. So, they found the gun in there?
>
> MR. SCOTT: Yes, sir.
>
> THE COURT: And where did they find it at?

6

MR. SCOTT: Under the passenger's seat.

THE COURT: Now, they said that you had given a statement that you had it for your protection. Is that true?

MR. SCOTT: Yes, sir.

(Tr. at 10-12).

9. Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it (Tr. at 12). In addition, I went over the plea agreement with defendant during the change-of-plea hearing (Tr. at 13-16).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 16-17).

11. Defendant is satisfied with the advice and guidance he has received from Mr. Jacoby (Tr. at 17). There is nothing Mr. Jacoby has done that defendant did not want him to do, and there is nothing he wanted Mr. Jacoby to do that Mr. Jacoby has not done (Tr. at 17).

12. Defendant was not under the influence of any alcohol or drug that would affect his ability to make an intelligent choice about pleading guilty during the change-of-plea hearing, and he has no mental health issues (Tr. at 17-18).

13. Defendant tendered a plea of guilty to the crime charged in this indictment (Tr. at 18-19).

## IV. ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for possessing a firearm from which the manufacturer's and importer's serial number had been

7

removed, altered, and obliterated are: (1) the defendant knowingly possessed a firearm; (2) which had its serial number altered, removed or obliterated; and (3) had been shipped, received or transported in interstate commerce. United States v. Johnson, 385 F.3d 506, 508 (5th Cir. 2004).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in this indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
April 24, 2009